```
                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| MARK ANTHONY THOMPSON, | : | NO. 1:06-CV-00059 |
| Plaintiff, | : |  |
| v. | : |  |
|  | : | **OPINION AND ORDER** |
| JUDGE BRETT SPENCER, et al., | : |  |
| Defendants. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 5). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation DISMISSING Plaintiff's complaint without prejudice for failure to prosecute and CLOSING this case.

**I.  Background**

On February 2, 2006, Plaintiff filed his complaint with this Court and paid the required filing fee. Plaintiff's complaint alleges due process violations, defamation of character, and mental distress (doc. 1). Plaintiff's complaint names Brett Spencer, David Kelley, David Gray Gardner, Roxanne Hoover, Kermit Howard, and the Peebles Police Department as Defendants (Id.).

On February 3, 2006, the Clerk of the Court sent a letter to Plaintiff, informing Plaintiff that the Court does not consider Plaintiff indigent since Plaintiff paid the filing fee from his own funds (doc. 3). The Clerk of the Court further informed Plaintiff

that it was his responsibility to serve a summons and copy of the complaint on each named Defendant (Id.).

On June 7, 2006, the Magistrate Judge issued an Order to Show Cause, ordering Plaintiff to show cause for his delay in not serving Defendants with a summons or copy of the complaint (doc. 4).  The Magistrate Judge's Order indicated that under Rule 4(m) of the Federal Rules of Civil Procedure, the court could dismiss the case without prejudice when service of the summons and complaint was not made within 120 days of filing the complaint (Id.).  The Order further indicated that, under Rule 4(m), the court could grant an extension of time if Plaintiff shows good cause for the delay (Id.).  Thus, the Magistrate Judge's Order required Plaintiff to show cause for the delay within twenty days from entry of the order (Id.).  More than twenty days after the Magistrate Judge issued his Order to Show Cause, Plaintiff failed to file a response showing cause for his delay.

**II.  The Magistrate Judge's Report and Recommendation**

On July 6, 2006, the Magistrate Judge issued his Report and Recommendation, proposing that the complaint be dismissed without prejudice and that the case be closed (doc. 5).  Citing several lines of case authority, the Magistrate Judge's Report and Recommendation states that dismissal by the court is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute (Id., citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); Jourdan v. Jabe,

2

951 F.2d 108, 110 (6th Cir. 1991); Hobson v. Department of Treasury, No. 99-1274, 2000 WL 145170 (6th Cir. Feb. 1, 2000)). Plaintiff failed to timely file any objections to the Magistrate Judge's Report and Recommendation.

**III. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. Plaintiff has shown a pattern of delay by failing to respond to the Magistrate Judge's Order to Show Cause and Report and Recommendation. Plaintiff has failed to prosecute his complaint by not timely serving Defendants with a summons and copy of the complaint.

In this case, the Clerk of the Court informed Plaintiff that the Court did not consider him indigent since Plaintiff paid the filing fee; and therefore, Plaintiff was required to serve process on all named Defendants (doc. 3). It is clear from precedent and the Federal Rules of Civil Procedure that, under such circumstances, Plaintiff is responsible for perfecting service of process and proving that such service had been made (doc. 4, citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Jacobs v. University of Cincinnati, 189 F.R.D. 510, 511 (S.D. Ohio 1999)). Federal Rule of Civil Procedure 4(c)(1) states, "A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time

allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."

Concerning the timing requirement for service of process, Fed. R. Civ. P. 4(m) states,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In accordance with the Federal Rules of Civil Procedure, the Magistrate Judge issued an order to Plaintiff to show good cause for the delay (doc. 4). Where Plaintiff fails to show good cause, the court may dismiss the case provided that Plaintiff was given notice of the possible dismissal (doc. 4, citing Osborne v. First Union Nat'l Bank, 217 F.R.D. 405, 408 (S.D. Ohio 2003); United States v. Gluklick, 801 F.2d 834, 837 (6th Cir. 1986), cert. denied, 480 U.S. 919 (1987)). Here, Plaintiff failed to respond to the Order, and the Magistrate Judge's Order to Show Cause clearly notified Plaintiff of the impending action if Plaintiff failed to show good cause (doc. 4). Therefore, under Fed. R. Civ. P. 4 and its supporting case precedent, the Court may dismiss Plaintiff's action.

Additionally, Plaintiff's failure to serve process on

Defendants and Plaintiff's failure to respond to orders of the Court clearly warrant dismissal of the case for failure to prosecute. Such dismissal is in accord with the Fed. R. Civ. P. 41(b) and its supporting policy (doc. 5, citing <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-31 (1962); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991); <u>Hobson v. Department of Treasury</u>, No. 99-1274, 2000 WL 145170 (6th Cir. Feb. 1, 2000)).

**IV. Conclusion**

For the aforementioned reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 5), and DISMISSES Plaintiff's complaint without prejudice for failure to prosecute and CLOSES this case.

SO ORDERED.

Dated: October 5, 2006        <u>s/S. Arthur Spiegel       </u>

                                              S. Arthur Spiegel
                                              United States Senior District Judge